**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00558-REB-MEH

BACTERIN INTERNATIONAL, INC., a Nevada corporation,

     Plaintiff,

v.

TISSUE TRANSPLANT TECHNOLOGY, LTD, a Texas Limited Partnership, d/b/a Bone Bank Allografts,

T-TOT, LLC, a Texas Limited Liability Company,

TRANSPLANT TECHNOLOGIES OF TEXAS, LTD, a Texas Limited Partnership,

TTT, LLC, a Texas Limited Liability Company,

     Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

IT IS HEREBY STIPULATED and agreed by and between counsel for Plaintiff Bacterin International, Inc. and Defendants Tissue Transplant Technology, Ltd. d/b/a Bone Bank Allografts, T-TOT, Inc., Transplant Technologies of Texas, Ltd. and TTT, LLC (collectively "Defendants") that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

     1.    This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents or subpoena, answers to interrogatories, responses to requests for admissions and all other discovery taken in this matter pursuant to the Federal Rules of Civil Procedure, (collectively, "RECORDS") which a party or third-party (hereinafter, a "disclosing party") designates as

"CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished,

directly or indirectly, by or on behalf of any party in connection with this action.

2. In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED

MATERIAL," a disclosing party shall make such a designation of CONFIDENTIAL

MATERIAL or RESTRICTED MATERIAL only for RECORDS which that disclosing party

in good faith believes (i) contain trade secret or other confidential, competitive or

proprietary business information used by it in, or pertaining to, its business which the party

takes appropriate efforts to keep confidential, (ii) contain confidential personal or financial

information which the party takes appropriate steps to keep confidential, or (iii) contain

other information which the party is otherwise required to keep confidential by agreement or

law. For a designation of RECORDS as "RESTRICTED MATERIAL," the disclosing party

must additionally believe in good faith that the RECORDS must be protected from

disclosure to the non-disclosing party and must be subject to the restricted disclosure

provided for below.

3. RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed

only to the following persons:

a. the attorneys working on this action on behalf of any party, including

in-house attorneys;

b. any paralegal assistants, stenographic and clerical employees working

under the direct supervision of such counsel;

c. any parties to this action who are individuals, and the employees,

directors or officers of parties to this action who are corporations, partnerships, or limited

liability companies to the extent necessary to further the interest of the parties in this litigation;

        d.    any person not employed by a party who is expressly retained or sought to be retained by any party or attorney described in paragraph 3(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

        e.    any witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

        f.    the Court.

4.  RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

        a.    the attorneys working on this action on behalf of any party who are not employed by a party, but not the in-house attorney for Plaintiff provided, however, that counsel for the Plaintiff may generally discuss Restricted Material with in-house counsel for the Plaintiff as long as no copies are provided;

        b.    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

        c.    any person not employed by a party who is expressly retained or sought to be retained by any party or attorney described in paragraph 4(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

d.      any employee witness of the disclosing party who (a) is an author, source or recipient of the RESTRICTED MATERIAL, and  (b) appears for deposition or trial in this matter, but only during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

e.      the Court.

5.  The persons described in paragraphs 3(d) and 4(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."  A list shall be prepared by counsel for each party hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request.  The other persons described in paragraph 3 shall have access to the CONFIDENTIAL MATERIAL and and the other persons described in paragraph 4 shall have access to the RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT."  Similar but separate lists shall also be prepared with respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided by third parties.  Within thirty (30) days of the termination of this lawsuit by settlement, summary judgment, judgment, jury verdict, or otherwise, each party shall provide a copy of the pertinent aforementioned lists upon the request of any other party.  The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereunder shall not disclose it to any other person, except in

conformance with this Order.  This Stipulation will not require the disclosure of experts

other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

6.   Subject to the pending Motion to Transfer Venue filed by Defendants in this case,

each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED

MATERIAL hereby agrees to and does subject himself/herself to the jurisdiction of this

Court for the purpose of any proceedings relating to the performance under, compliance with

or violation of this Order.

7.   The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED

MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and

safe area and shall exercise the same standard of due and proper care with respect to the

storage, custody, use and/or dissemination of such RECORDS as is exercised by the

recipient with respect to its own proprietary information.

8.   Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED

MATERIAL as follows:

a.   In the case of RECORDS produced pursuant to Rules 26 and 34 of the

Federal Rules of Civil Procedure, interrogatory answers, responses to requests for

admissions, and the information contained therein, designation shall be made by placing the

following legend on any such RECORD prior to production: "CONFIDENTIAL

MATERIAL" or "RESTRICTED MATERIAL."  In the event that a party inadvertently fails

to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or

RESTRICTED MATERIAL at the time of its production, that party may notify the receiving

party in writing indicating such designation class of each document by Bates number, and

such document(s) shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

b.      In the case of RECORDS produced pursuant to Rule 45 of the Federal Rules of Civil Procedure, designation shall be made by informing the other parties, within five (5) business days after production of such RECORDS, that the disclosing party is designating particular RECORDS as containing "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL."  During the five (5) business days following the production of RECORDS by a third party, such RECORDS may only be disclosed to those persons set forth in paragraph 4.

c.      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within thirty(30) days after counsel's receipt of the transcript.

d.      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, other motions or other matters.  If a deposition transcript is filed and if it contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, the transcript shall bear the appropriate legend on the caption page and shall be filed in accordance with D.C.COLO.L.CivR. 7.2.

9.  A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.

In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the disclosing party written notice of its disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis, such as by telephone conference or an in-person meeting, which shall occur within five (5) business days of notice of disagreement with a designation.  If the parties are unable to resolve the dispute via the meet-and-confer, within five (5) business days of the meet-and-confer, the disclosing party shall either: (a) withdraw the designation; or (b) file a motion for protective order seeking to retain the designation as applied to the challenged material.  If the disclosing party does not withdraw the designation or file a motion for protective order within five (5) business days of the meet-and-confer, the designation shall be deemed withdrawn.  If the disclosing party timely files a motion for protective order, until and unless the Court enters an order changing the designation, the designated material shall continue to be subject to this Order.  The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the party making such designation.

10.     All RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such RECORDS, shall be filed in accordance with D.C.COLO.L.CivR. 7.2.

11.     In the event that any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any court proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL status through such

use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12.     Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

13.     Nothing in this order shall preclude any party to the lawsuit or their attorneys from: (a) showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

14.     In the event that production or disclosure of information which would otherwise be designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL would violate any federal law or regulation, including but not limited to any law or regulation of the Food and Drug Administration, the disclosing party may withhold such information from disclosure and shall maintain a log of such information, identifying the general nature of the document and the reasons for withholding such information from discovery.  The disclosing party must produce to the receiving party the log upon request by the receiving party.

15.     Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof,

except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the disclosing party or shall be destroyed.  Notwithstanding the provisions of this paragraph, counsel for any party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, and work product.

16.     Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the disclosing party.

17.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

IT IS SO ORDERED:

Dated: May 23, 2012, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

APPROVED:

s/ John R. Posthumus
John R. Posthumus
        jposthumus@sheridanross.com
Patricia Y. Ho
        pho@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Phone:  (303) 863-9700
Fax:  (303) 863-0223 facsimile
        litigation@sheridanross.com

*Attorneys for Plaintiff*

s/ Robert L. McRae
Robert L. McRae
        rmcrae@gunn-lee.com
Ted D. Lee
        tlee@gunn-lee.com
GUNN & LEE, P.C.
300 Convent, Suite 1080
San Antonio, Texas 78205
Phone:  (210) 886-9500
Fax:  (210) 886-9883

and

Richard K Kornfeld
        rick@rechtkornfeld.com
Heather R. Hanneman
        heather@rechtkornfeld.com
RECHT KORNFELD, P.C.
1600 Stout Street, Suite 1000
Denver, Colorado 80202
Phone:  (303) 573-1900
Fax:  (303) 446-9400

*Attorneys for Defendants*

A C K N O W L E D G E M E N T

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2012, in *Bacterin International, Inc. v. Tissue Transplant Technology, Ltd., et al.*, Case No. Civil Action No. 1:12-cv-00558-REB-MEH, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order.   The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

Dated: _____, 201____          _____